THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
August 26, 2019 3:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: JW / 8-26-19

RICKY R. FRANKLIN        )    Civil Action No:
                         )
                         )    1:19-cv-684
      Plaintiff,         )    Paul L. Maloney
                         )    United States District Judge
                         )    JURY DEMAND
v.                       )
                         )
                         )
LENDING CLOUD            )
      Defendant          )

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, Lending Cloud, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to Lending Cloud, (hereinafter, LCD) and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the

Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant LCD, is a domestic company, with a corporate office located at 14200 Ironwood Dr. N.W. Grand Rapids, MI 49534.

6. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

2

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

10. Defendant has sent out thousands of unlawful text messages in violation of the TCPA. Be effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones.

12. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

## A BRIEF OVERVIEW OF TEXT MESSAGING

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

15. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

16. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

17. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

18. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

19. On or about the middle of July 2018, Plaintiff started receiving text messages on his cellular phone from Defendant LCD about different types of loans from short codes #365365, #46758, #33959. Some of the messages read as follows:

**Lending Cloud: new cars for zero down and under $149 a month even with bad credit! Click here http;//carsforme.info.**

**Lending Cloud: buy a home with zero. begin search here: http://mortgages321.info**

**Lending Cloud: Pre approved for a $1000 cash advance or $3,000 loan! Payments of $11/week here http://findaloantoday.info.**

20. Plaintiff has received at least 25 (twenty-five) text messages to his cellular phone all coming from Defendant LCD in the form of an SMS marketing messages.

21. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

22. The Federal Communication Commission (FCC), the organization that governs the TCPA, has stated FCC interprets text messages to be "calls" under the TCPA, therefore, prior express written consent is required for both calls and texts.

23. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of the calls. The text messages are an invasion of privacy, and harassment due to the continuous unwarranted texts that tied up Plaintiffs phone line and drains battery life.

## COUNT I-TCPA

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Using an auto-dialer and without prior express written consent, the Defendant LCD, contacted the Plaintiff at least 25(twenty-five) times by means of automatic dialing system to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

## . PRAYER FOR RELIEF

a) As a result of Defendant LCD's violations of 47 U.S.C. section 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. section 227(b)(3);

b) Assessing against LCD, all costs incurred by the Plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com
678-650-3733







**PRIORITY MAIL FLAT RATE POSTAGE REQUIRED**

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281-9040

TO: Clerk of Court
399 Federal Bldg
110 Michigan St. N.W.
Grand Rapids, MI
49503

Label 228, March 2016   FOR DOMESTIC AND INTERNATIONAL USE